**R. A. LIEBERMAN,**

**Plaintiff,**

**v.**

**LAKEVIEW WOODS SCHOOL FOR THE
SEVERELY DISABLED, *et al.*,**

**Defendants.**

**Case No.     23-cv-00643**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1446(b), Defendant Lakeview Woods School for the Severely Disabled ( the "Lakeview School"), having the consent of the two remaining Defendants through their collective undersigned legal counsel below, hereby removes to the United States District Court for the Western District of Missouri, Western Division, the case styled *R.A. Lieberman v. Lakeview Woods School for the Severely Disabled, et al.* from the Circuit Court of Jackson County, Missouri, where the case is now pending as Case No. 2016-CV01034.

The Lakeview School states and alleges the following for its Notice of Removal.

1.     This is a civil action in which Plaintiff R.A. Lieberman ("Plaintiff") alleges employment discrimination and retaliation arising from her termination as an employee of the Lakeview School.[1]

2.     Plaintiff's claims in the operative First Amended Petition for Damages (the "Complaint") are pled under (1) Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e ("Title VII"), (2) the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k) ("PDA") (an amendment to Title VII), (3) the Missouri Human Rights Act, RSMo. § 213.010 *et*

---

[1]     As the removing party, the Lakeview School bears the burden of establishing jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy Coll.,* 420 F.3d 763, 968 (8th Cir. 2005).

*seq.*, and (4) RSMo. § 105.055 (public employee reporting of suspected violation of public policy).[2] The Complaint is attached hereto as Ex. A, along with all other pleadings and process comprising the state court file as of the date of this Notice of Removal.

3.    The Complaint is the initial pleading setting forth the claim for relief and containing grounds for removal. 28 U.S.C. § 1331 provides that United States District Courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States." *See Hayes v. Pharmacists Mut. Ins. Co.*, 276 F. Supp.2d 985, 989 (W.D. Mo. 2003) ("Just as federal law governs whether an action is civil in nature, so too must federal law govern application of the federal statute setting forth the procedure for removal.").

4.    Title VII and the PDA provide for federal court jurisdiction and claims under them present federal questions. *Yellow Freight System, Inc. v.* Donnelly, 494 U.S. 820, 826 (1990) (concurrent state and federal jurisdiction over Title VII claims); *see also* 42 U.S.C.A. § 2000e-5(f)(3). *Ladner v. Alexander & Alexander, Inc.*, 879 F. Supp. 598, 599 (W.D. La. 1995) (rejecting plaintiff's argument that FMLA actions "may not be removed once they are commenced in state court" and holding that 28 U.S.C. § 1441 "creates a broad right of removal"); *see, e.g.*, *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 693, 699 (2003) (concurrent jurisdiction and the jurisdictional language contained in 29 U.S.C. § 216(b) of the Fair Labor Standards Act did not bar removal of a lawsuit from state to federal court).

5.    Federal question jurisdiction under 28 U.S.C. § 1331 exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). When a federal question exists, the statute provides that an

---

[2]    The "Table of Claims" contained on page 2 of the Complaint states that Counts I and III contain claims under Title VII and PDA, while Counts II and IV contain claims under the MHRA. This is inconsistent with the claim heading for Count IV on page 11 of the Complaint, which states that Count IV is brought under Title VII and the PDA. For purposes of this Notice of Removal, Count IV of the Complaint is treated as having been brought under the MHRA.

action is removable "without regard to the citizenship or residence of the parties." *Community Title Co. of St. Louis, Inc. v. Lieberman Management Co.*, 719 F. Supp. 869, 871 (E.D. Mo. 1989) (citing 28 U.S.C. § 1441).

6. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's state law claims under the MHRA and RSMo. § 105.055. 28 U.S.C. § 1367(a) provides in pertinent part: "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). This Court has broad discretion to exercise supplemental jurisdiction over state law claims. *Green v. Ameritrade, Inc.*, 279 F.3d 590, 599 (8th Cir. 2002); *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 929 (8th Cir. 2005) (holding that the district court had jurisdiction after removal from state court based on an amended complaint).

7. A federal court has jurisdiction over an entire action, including state-law claims, whenever (as here) the federal law claims and state law claims derive from a common nucleus of operative fact, such that a plaintiff would be expected to try them all in one place. *Williams v. City of Marston*, 857 F.Supp.2d 852, 861 (E.D. Mo. 2012) (citing *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 349 (1988)).

8. The court's supplemental jurisdiction over state law claims arises under 28 U.S.C. § 1367(a). 28 U.S.C. § 1367(c) provides:

> The district courts may decline to exercise supplemental jurisdiction over state law claims when: (1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). None of these circumstances exist here.

9. Plaintiff's state law causes of action relate to her employment and termination, as

do her federal claims, such that all of Plaintiff's claims stem from the same case or controversy, pursuant to Article III of the United States Constitution. 28 U.S.C. § 1367(a); *see e.g. Williams v. City of Marston*, 857 F. Supp.2d 852, 861-62 (E.D. Mo. 2012) (exercising supplemental jurisdiction over plaintiff's state law claims under the Missouri Human Rights Act, which the court determined were interrelated with her federal employment discrimination claims).

10.     Plaintiff's Complaint does not raise novel or complex issues of state law because the MHRA is closely patterned after Title VII and Plaintiff's MHRA claims are premised on the same grounds as her Title VII claims. (Complaint, pp. 5-13, ¶¶ 31-92). *See also Starkey v. Amber Enterprises, Inc.*, 987 F.3d 758, 766 (8th Cir. 2021). The MHRA has been construed by numerous Missouri state and federal courts in the context of pregnancy,[3] and RSMo. § 105.055 has had judicial application. *See Richest v. City of Kansas City*, 643 S.W.3d 610, 613-14 (Mo. App. W.D. 2022) ("Section 105.055 provides non-exclusive avenues for certain public employees to remedy an employer's violation of the statute."); *Hudson v. O'Brien,* 449 S.W.3d 87, 90 (Mo. App. W.D. 2014). Plaintiff's state law claims in Counts II and IV do not substantially predominate over her federal law claims in Counts I and III, as her claims under the MHRA and Title VII arise from the same operative facts. *See also City of Marston* at 861.

11.     As to Plaintiff's MHRA claim, Plaintiff does not allege and indeed does not possess a Right-to-Sue Letter from the MCHR. Attached hereto as Ex. E is a May 1, 2023 decision issued by the Circuit Court of Cole County, Missouri in *State ex. rel. Rebakah Lieberman v. Missouri Commission on Human Rights*, Case No. 19AC-CC00529 upholding the MCHR's decision to make a finding effectively that Plaintiff lacked probable cause for her MHRA claims.

12.     Pursuant to 28 U.S.C. § 1441, an action within this Court's federal question

---

[3]      *Self v. Midwest Orthopedics Foot & Ankle, P.C.*, 272 S.W.3d 364, 366-67 (Mo. App. 2008).

jurisdiction is removable without regard to the citizenship or residence of the parties.

## **BACKGROUND OF THE CASE WHILE PENDING IN STATE COURT**

13.     On or about January 10, 2020, Plaintiff filed her original Petition for Damages in the state court against the Lakeview School and two other Defendants:  (1) the Missouri Schools for the Severely Disabled ("MSSD") and (2) the Missouri Department of Elementary and Secondary Education ("DESE"), alleging sex/pregnancy discrimination and retaliation under Title VII, the PDA, and RSMo. § 105.055.  The Petition for Damages is included in Ex. A hereto. Plaintiff's operative Complaint is asserted against the same three Defendants.  The original Petition did not contain an MHRA claim.

14.     On or about July 6, 2020, Plaintiff filed a Motion to Stay proceedings until Plaintiff's Petition seeking judicial review of the Missouri Commission Human Rights' alleged failure to issue a right-to-sue letter.  The litigation was pending in the Circuit Court of Cole County, Missouri (Case No. 19AC-CC00529).  An order granting Plaintiff's Motion to Stay was entered on or about July 28, 2020.  Plaintiff's Motion to Stay and the state court's Order for Stay are contained in Ex. A (which comprises the entire state court file as of the date of this removal).

15.     During the timeframe when it was operative (i.e., from date of filing through May 30, 2021), the original Petition was not served on any Defendant.  On or about May 30, 2021, as was her procedural right under Mo. Sup. Ct. R. 55.33(a),[4] Plaintiff filed her operative Complaint (the First Amended Petition for Damages) against Defendants Lakeview, MSSD, and DESE alleging sex/pregnancy discrimination under both the Missouri Human Rights Act ("MHRA") and

---

[4]      "A pleading may be amended once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the pleading may be amended at any time within thirty days after it is served. Otherwise, the pleading may be amended only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires…" Mo. Sup. Ct. R. 55.33(a).

Title VII/PDA, retaliation under both the MHRA and Title VII/PDA and, in the alternative to her four other counts, violation of RSMo. § 105.055.

16. On July 27, 2023, Plaintiff requested the issuance of Alias Summons with the state court on all Defendants: the Lakeview School, MSSD, and DESE. A copy of these Alias Summons Requests are included in Ex. A hereto.

17. Shortly thereafter, the state court issued Alias Summonses for Defendants. However, only MSSD and DESE were served with the Alias Summonses. The Lakeview School was not served with the Alias Summons or the Complaint.

18. Further, the pleading served to MSSD and DESE with their respective Alias Summonses was the original Petition (filed January 10, 2020), and not the operative Complaint (First Amended Petition filed May 30, 2021). Attached hereto as Exs. B and C are the respective Summonses and original Petitions served on MSSD and DESE. The state court file contains no waiver of service by any Defendant and no Defendant formally advised Plaintiff that they would waive service of the Alias Summons and Petition. Mo. Sup. Ct. R. 54.04 required service of the operative pleading and a Summons on each Defendant. Ex. D is the state court docket printed as of the date of this removal.

19. This removal is timely. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (a court may not exercise power over a party the complaint names as defendant in the absence of service of process or waiver of service by the defendant); *Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P.*, 254 F.3d 753 (8th Cir. 2001).

20. There are no exceptional circumstances or other compelling reasons for this Court to decline jurisdiction. No claim in this matter has been made non-removable by statute.

21. Venue for this removal action is proper in the United States District Court for the Western District of Missouri because the territorial jurisdiction of this Court includes the Circuit

6

Court of Jackson County, Missouri, wherein Plaintiff filed her Complaint. Therefore, removal to this Court is proper under 28 U.S.C. § 1441(a).

22. Defendant will provide written notice of the filing of this Notice of Removal to all parties in this action and will file a copy of this Notice of Removal with the clerk of the state court where the action is pending pursuant to 28 U.S.C. §1446(d).

23. Counsel for Defendants entered an appearance in the state court action on August 21, 2023. Upon further review of the record, it was determined that Defendants had not been properly served with Summonses and the Complaint. Irrespective, this Notice of Removal is filed within 30 days of entry of appearance of counsel for Defendants.

24. By this Notice of Removal, the Lakeview School does not waive any defense, jurisdictional or otherwise, and does not concede that Plaintiff has stated a claim against it.

WHEREFORE, Defendant the Lakeview Woods School for the Severely Disabled removes this case from the Circuit Court of Jackson County, Missouri to this Court for all further proceedings as provided by law and, pursuant to 28 U.S.C. § 1446, the Circuit Court of Jackson County, Missouri shall proceed no further unless and until such further order or directive of this Court.

Respectfully submitted,

**BATY OTTO CORONADO SCHEER PC**

*/s/ Jennifer Donnelli*

Theresa A. Otto                    Mo. 43453
Jennifer I. Donnelli             Mo. 47755
4435 Main Street, Suite 1100
Kansas City, MO 64111
Telephone:  (816) 531-7200
Facsimile:  (816) 531-7201
totto@batyotto.com
jdonnelli@batyotto.com
**ATTORNEYS FOR ALL DEFENDANTS**

## <u>CERTIFICATE OF FILING</u>

This certifies that, on September 15, 2023, the foregoing was filed with the Court via the ECF electronic filing system, causing a service copy to be sent electronically to all parties registered to receive such service, and I served a copy via email to the following:

Alexander Edelman
Sarah Christine Liesen
Katherine E. Myers
EDELMAN, LIESEN & MYERS, L.L.P.
208 W. Linwood Blvd.
Kansas City, MO 64111
Telephone:  (816) 533-4976
Facsimile:   (816) 463-8449
aedelman@elmlawkc.com
sliesen@elmlawkc.com
kmyers@elmlawkc.com
**ATTORNEYS FOR PLAINTIFF**

*/s/ Jennifer Donnelli*
Attorney for All Defendants